Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000514
23-FEB-2015
10:52 AM

NO. CAAP-12-0000514

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
STACY E. HARDOBY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTC-11-014020)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Stacy Edward Hardoby (Hardoby) by complaint with Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (OVLPSR-OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-62 (Supp. 2014).[1] The original complaint

---

[1] HRS § 291E-62 provides in relevant part:

   (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

   (1)   In violation of any restrictions placed on the person's license; [or]

   (2)   While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

(continued...)

did not allege a mens rea for the OVLPSR-OVUII offense. Prior to trial, over Hardoby's objection, the District Court of the Second Circuit (District Court)[2] granted the State's motion to amend the original complaint to allege the required mens rea of "intentionally, knowingly, or recklessly" for the OVLPSR-OVUII offense. The State then filed an amended complaint which alleged the required mens rea.[3]

After a bench trial, Hardoby was found guilty of OVLPSR-OVUII. The District Court sentenced Hardoby to thirty days in jail, imposed a $500 fine and other fees and assessments, and revoked his driver's license for one year from the date of his release from confinement. The District Court entered its Judgment on April 27, 2012, and this appeal followed.

On appeal, Hardoby contends: (1) the original complaint was defective for failing to allege the requisite mens rea and

---

[1] (...continued)

. . . .

(b) Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

(1)   For a first offense, or any offense not preceded within a five-year period by conviction for an offense under this section, section 291E-66, or section 291-4.5 as that section was in effect on December 31, 2001:

(A)   A term of imprisonment of not less than three consecutive days but not more than thirty days;

(B)   A fine of not less than $250 but not more than $1,000;

(C)   Revocation of license and privilege to operate a vehicle for an additional year; and

(D)   Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable[.]

[2] The Honorable Blaine J. Kobayashi presided.

[3] The State entitled its original complaint as the "Amended Complaint" and its amended complaint as the "Second Amended Complaint." For simplicity, we will refer to the complaint that did not allege the requisite mens rea as the "original complaint" and the complaint amended to include the requisite mens rea as the "amended complaint."

2

the District Court lacked jurisdiction to grant the State's motion to amend the original complaint to cure this defect; (2) the District Court violated his right of confrontation in admitting the portion of Exhibit 2 consisting of a letter signed by Beverly J. Bose, a custodian of government driving and licensing records, and it also erred in admitting the remainder of Exhibit 2 consisting of a certified copy of a printout of Hardoby's driving records; and (3) there was insufficient evidence that Hardoby had notice that his license had previously been revoked for operating a vehicle under the influence of an intoxicant (OVUII) to support his conviction. As explained below, we affirm Hardoby's conviction.

I.

At trial, Maui Police Department Officer Nephi Laga (Officer Laga) testified that on December 11, 2011, he stopped a vehicle Hardoby was driving because the license plate was unreadable. Officer Laga asked Hardoby for his driver's license. Hardoby was unable to provide a driver's license but provided Officer Laga with his name and date of birth, which the officer recited in court. Officer Laga contacted central dispatch with this information and learned that Hardoby's license had been revoked. Officer Laga then cited Hardoby for driving while his license was revoked.

At trial, the District Court admitted Exhibits 1 and 2 offered by the State. Exhibit 1 is a certified copy of the Judgment filed by the District Court on July 18, 2011, in State v. Stacy Hardoby, Case No. 2DTA-11-00674, which shows that the defendant was present in court, was convicted of OVUII for violating HRS § 291E-61(a), and was sentenced to driver's license revocation for one year effective immediately. Exhibit 2 consists of: (1) a letter signed by Beverly J. Bose (Bose Letter), Custodian of Public Records of the Department of Finance, Motor Vehicles and Licensing Division, County of Maui, in which Bose certifies that based on research "prepared with information taken from a subpoena or memorandum issued to our

3

department from the MAUI COUNTY PROSECUTOR'S OFFICE," the defendant's driver's license records show an active revocation from August 18, 2011, to August 17, 2012, and a suspension from July 18, 2011, to July 17, 2012; and (2) a seven-page printout of Hardoby's driving records, with each page of the printout containing a verification by Bose that the record is a true and correct copy of official records, including data compilations, of the Motor Vehicles and Licensing Division of the Department of Finance.

The District Court admitted Exhibit 1 without objection from Hardoby. The District Court admitted Exhibit 2 over Hardoby's objection on confrontation clause and hearsay grounds. At the conclusion of trial, the District Court found Hardoby guilty of OVLPSR-OVUII.

II.

We resolve the arguments Hardoby raises on appeal as follows:

A.

There is no dispute that the original complaint against Hardoby was defective for failing to allege the requisite intentional, knowing, or reckless mens rea. However, in State v. Kam, 134 Hawai'i 280, 286, 339 P.3d 1081, 1087 (2014), we held that there was no jurisdictional impediment to the trial court's permitting the State to cure this same defect by filing an amended complaint that alleged the requisite mens rea. Based on Kam, we reject Hardoby's claim that the District Court lacked jurisdiction to grant the State's motion to amend the original complaint to allege the requisite mens rea. Hardoby does not raise any other ground to challenge the District Court's ruling. We conclude that the District Court properly permitted the State to amend the original complaint.

B.

Hardoby argues that the portion of Exhibit 2 that consists of the Bose Letter is testimonial and that based on Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), the

4

admission of the letter in lieu of testimony by its author violated his confrontation rights. In State v. Souleng, --- P.3d ---, No. CAAP-12-0000196, 2015 WL 291341, at *4, 6-7 (Hawai'i App. Jan. 22, 2015), we concluded that the introduction of a similar letter under similar circumstances violated the defendant's confrontation rights. Based on Souleng, we conclude that the admission of the Bose Letter was improper and violated Hardoby's confrontation rights.[4]

The remainder of Exhibit 2 consists of a seven-page printout of Hardoby's driving records. Hardoby does not contend that the printout of his driving records is testimonial. He also acknowledges that the printout could constitute a self-authenticating document, but contends that the printout was somehow tainted by the Bose Letter.

Each page of the printout of Hardoby's driving records contains the following verification:

> I, Beverly J. Bose, Custodian of Public Records of the Department of Finance, Motor Vehicles & Licensing Division, do hereby verify that this is a full, true and correct copy of all official records or reports or entries therein, or of documents authorized by law to be recorded or filed and actually recorded or filed, including data compilations in any form with the Motor Vehicles & Licensing Division of the Department of Finance with respect to Hawaii State License.

Accordingly, the authentication of the printout of Hardoby's driving records does not depend on, and is not tainted by, the Bose Letter.

We conclude that the certified copy of the printout of Hardoby's driving records is not testimonial. See State v. Cady, 425 S.W.3d 234, 245-47 (Mo. Ct. App. 2014) (holding that printout

---

[4] The State cites this court's Memorandum Opinion in State v. Bailey, No. 29558, 2011 WL 5821889 (Hawai'i App. Nov. 18, 2011), in support of its argument that Exhibit 2, including the Bose Letter, was properly admitted. In Bailey, we held that the trial court did not commit plain error in admitting an exhibit similar to Exhibit 2. Bailey, 2011 WL 5821889, at *3-5. However, in Bailey, we did not address any challenge to the admission of the exhibit on confrontation clause grounds because we concluded that Bailey had waived any confrontation clause claim by failing to raise it in the trial court or in his points of error on appeal. Id. at *5 n.8. Thus, Bailey does not provide any persuasive authority regarding Hardoby's confrontation claim.

of information contained in national computerized database regarding defendant's purchases and attempted purchases of pseudoephedrine is not testimonial). Unlike the Bose Letter, which was prepared specifically for use at Hardoby's trial and created for the sole purpose of proving an essential element of Hardoby's charged offense, Hardoby's driving records are records that are created and used for purposes separate and independent from prosecution or proving some fact at trial. In addition, unlike the Bose Letter, which sets forth Bose's interpretation of what Hardoby's driving records show, the printout of Hardoby's driving records do not contain any testimonial interpretation by Bose of what the records show. Accordingly, the printout of Hardoby's driving records is not testimonial, and its introduction in evidence did not require that Bose be called as a witness and be subject to cross-examination under Melendez-Diaz. See Melendez-Diaz, 557 U.S. at 322-24; Cady, 425 S.W.3d at 245-47.

We further conclude that the printout fell within the hearsay exception for public records and reports and was properly self-authenticated. See Hawaii Rules of Evidence (HRE) Rule 803(b)(8) (1993); HRE Rule 902(4) (Supp. 2014); Bailey, 2011 WL 5821889, at *3-5. Accordingly, the District Court did not err in admitting the portion of Exhibit 2 consisting of the printout.

C.

We reject Hardoby's contention that there was insufficient evidence that Hardoby had notice that his license had previously been revoked for OVUII to support his conviction. The State was only required to prove that Hardoby had a reckless state of mind regarding whether his license remained revoked for OVUII on December 11, 2011, the date of the charged OVLPSR-OVUII offense.

The State, without objection, introduced Exhibit 1, a certified copy of the Judgment filed by the District Court on July 18, 2011, in State v. Stacy Hardoby, Case No. 2DTA-11-00674 (2DTA-11-00674 Judgment). The 2DTA-11-00674 Judgment shows that

the defendant (with the same name as Hardoby) was present in court, was convicted of OVUII for violating HRS § 291E-61(a), and was sentenced to driver's license revocation for one year effective immediately. The State introduced additional evidence showing that the 2DTA-11-00674 Judgment pertained to Hardoby, in that the same case number and sentence were referenced in the printout of Hardoby's driving records, which also contained Hardoby's birth date (which matched the birth date for Hardoby recited by Officer Laga at trial) and Hardoby's physical description (which the District Court could compare with Hardoby's appearance in court for trial). We conclude that the State presented sufficient evidence to prove that Hardoby acted with a reckless state of mind in driving while his license remained suspended or revoked for OVUII. See State v. Pantoja, 89 Hawai'i 492, 495-96, 974 P.2d 1082, 1085-86 (App. 1999); State v. Davis, 133 Hawai'i 102, 122, 324 P.3d 912, 932 (2014); State v. Lioen, 106 Hawai'i 123, 130-32, 102 P.3d 367, 374-76 (App. 2004).

III.

For the foregoing reasons, we affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, February 23, 2015.

On the briefs:

Evan S. Tokunaga
Deputy Public Defender
for Defendant-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

7